# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:10CR00015 |
| v. ) | **OPINION** |
| ) | |
| **CLAYTON FULTZ,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Clayton Fultz, Pro Se Defendant.*

The defendant, Clayton Fultz, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that counsel coerced him into pleading guilty. After review of the record, I find that Fultz's § 2255 claim must be summarily dismissed as meritless, based on his statements at the guilty plea hearing.

I

Fultz pleaded guilty on March 17, 2011, pursuant to a written Plea Agreement, to two of four counts alleged against him in the seven-count Indictment: Count One, which charged him with conspiracy to possess with intent to distribute and to distribute morphine and oxycodone, in violation of 21 U.S.C.

§ 846, and Count Two, which charged him with knowingly using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In exchange, the government agreed to dismiss the remaining two counts against Fultz, to recommend a three-level reduction for acceptance of responsibility, and to recommend a sentence within the custody range under the U. S. Sentencing Guidelines Manual to which the parties stipulated. The agreement stated, "I am pleading guilty . . . because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises." (Plea Agreement 2.)

Under the agreement, Fultz waived his right to appeal and his right "to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." (Plea Agreement 7-8.) The agreement also stated, "I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement . . . in exchange for my plea of guilty." (Plea Agreement 11.)

During the guilty plea colloquy, Fultz denied any recent medical or mental health treatment problems and affirmed that he was not under the influence of any medication or substance that might interfere with his ability to understand the proceedings. Fultz indicated that he had initialed each page of the Plea Agreement

and signed it to show that it had been read to him. He also affirmed that he had had an adequate opportunity to review and discuss the charges and the Plea Agreement with counsel and that he was fully satisfied with counsel's representation. I asked Fultz, " Has anyone attempted in any way to force you to plead guilty in this case?" Fultz answered, "No." (Plea Tr. 13.)

The prosecutor then reviewed the agreement's terms, and Fultz affirmed that he understood the terms, the sentences he faced, including a mandatory minimum sentence of 60 months on Count Six under § 924(c), and the consequences of the guilty plea. I reviewed, in detail, the elements of the firearm charge that the government would have to prove at trial,[1] and Fultz affirmed that he understood these elements and was pleading guilty because he was guilty.

---

[1] I advised Fultz:

> In order to convict you of [Count Six] if this case went to trial, the government would be required to prove beyond a reasonable doubt that you used or carried a firearm in relation to a drug-trafficking offense, in other words, in relation to this conspiracy that the government charges you were involved in. And this means that you actively employed the firearm in committing that offense.
>
> As an alternative, the government would be required to prove beyond a reasonable doubt that you knowingly possessed the firearm, meaning that you knew that you had a firearm, and that that possession furthered a drug-trafficking crime. This means that the firearm helped advance or further the conspiracy that you are charged with.
>
> Again, mere possession of the firearm is not sufficient.

The prosecutor then summarized the facts that the government was prepared to prove if the case went to trial. He stated that several witnesses who had testified before the grand jury would also testify at trial "that during the timeframe alleged in the indictment, and during his drug-trafficking activity, . . . Mr. Fultz possessed a firearm on almost every occasion in order to both protect himself, protect his drugs, and to protect his money." (Plea Tr. 18.) Fultz did not contest any of the prosecutor's proffered facts. I found that Fultz was competent to plead, that there was an independent factual basis for the plea, and that the plea was knowing and voluntary. Accordingly, I accepted his guilty plea.

The Presentence Investigation Report ("PSR") prepared prior to sentencing stated, pursuant to the Plea Agreement, that the advisory guideline range for Count One was 46-57 months in prison. After conducting a sentencing hearing, I adopted the PSR with no objections from the parties,[2] and sentenced Fultz on June 16, 2011, to 46 months imprisonment on Count One and 60 months on Count Six, the mandatory minimum sentence under § 924(c). No appeal was taken.

---

    Now, do you understand what the government would have to prove in order to find you guilty of this charge?

(Plea Tr. 16-17.) Fultz answered, "Yes."

  [2] Fultz raised no objection to the following statement in the "Offense Conduct" portion of the PSR: "A multitude of individuals provided specific statements regarding the fact that Clayton Fultz and [his codefendant] routinely possessed a firearm during and in relation to their illicit drug activity." (PSR 6.)

Fultz filed a § 2255 motion in March of 2012, alleging that his attorney had failed to file a notice of appeal after being asked to do so. With the government's concession, I granted relief and reentered the Judgment on June 12, 2012, to allow Fultz to appeal. On that appeal, Fultz argued that his guilty plea to Count Six was invalid because he was actually innocent and pleaded guilty to that charge only under duress. The United States Court of Appeals for the Fourth Circuit found that the guilty plea was knowing and voluntary, and that his assertion of actual innocence of the § 924(c) offense fell squarely within the scope of the agreement's valid appellate waiver provision. *United States v. Fultz*, 517 F. App'x 175, 176 (4th Cir. 2013) (unpublished).

In his current § 2255 motion, Fultz alleges that counsel was ineffective for failing to object when the court failed to "examine facts which demonstrate [Fultz's] innocence" of the § 924(c) charge, for "providing affirmative misadvice," and for coercing Fultz into pleading guilty to that charge. (§ 2255 Mot. 5.) Fultz alleges that during the conspiracy he never had control over any firearm. Before the guilty plea, he allegedly showed counsel unspecified facts showing that his conduct did not "rise to the level of a [§ 924(c)] violation." (Mem. in Supp. of Mot. 1.) Counsel allegedly told Fultz, "[T]hey are going to get you for something else if you don't sign this agreement," and said, "I will not represent you in this matter if you persist." (Mem. in Supp. of Mot., Fultz Aff. 1.) Fultz asserts that he

did not want to plead guilty to the § 924(c) charge and would not have done so, except for his "fear[ ] that [he] would be left without an attorney, and alone to face this charge" if he refused to plead guilty. (*Id.*)

The government has moved to dismiss Fultz's § 2255 claims, based on his Plea Agreement waiver of collateral attack rights. Fultz has responded, making the matter now ripe for consideration.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). If the court concludes that the defendant's waiver of collateral-attack rights was knowing and voluntary, the defendant "cannot challenge his conviction or sentence in a § 2255 motion," unless his claims fall outside the scope of the waiver. *Id.*

Regardless of any waiver of collateral attack rights, however, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion [or claim] that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22. If the court determines that the defendant's allegations, viewed against the record of the Rule 11 plea hearing, are

so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotation marks and citations omitted).

III

In its Motion to Dismiss, the United States argues that Fultz's Plea Agreement waiver of his collateral attack rights is valid and, thus, his § 2255 motion must be dismissed as waived. However, Fultz's waiver expressly reserved the right to file § 2255 claims alleging ineffective assistance of counsel, and his § 2255 motion alleges only such claims. Thus, Fultz's claims fall outside the scope of his collateral-attack waiver, and I cannot rely on the waiver as grounds for dismissal of his § 2255 motion.

The government also asserts that Fultz's § 2255 claims are not viable because they rely on assertions directly contradicted by statements Fultz made, under oath, during the plea colloquy. I agree with the government and find that Fultz's motion must be denied.

In direct contradiction of his current claims, Fultz's written statements in the Plea Agreement and his oral statements during the plea colloquy indicated that no one coerced or forced him into pleading guilty or promised him anything outside the agreement that caused him to plead. He also affirmed to the court, contrary to

his current claims, that he understood the factual elements the government would have to prove at trial on the § 924(c) charge and affirmed that he was guilty of that charge. Most importantly, Fultz affirmed during the colloquy that he was satisfied with counsel's representation up to that point. He voiced no concern that counsel would abandon him if he refused to plead guilty or that counsel had made threats that coerced him into pleading against his will. In the face of Fultz's sworn statements to the court, indicating his approval of counsel's conduct prior to the guilty plea, I find that Fultz's current claims — that counsel knew he could prove his innocence and, nevertheless, coerced him into pleading guilty — are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal." *Id.* Therefore, I will grant the Motion to Dismiss.[3]

---

[3] I also find that Fultz's allegations fail to establish ineffective assistance under the well established constitutional standard. To state a claim that counsel's alleged error or omission led him to enter an invalid guilty plea, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Fultz has not shown that counsel offered constitutionally deficient advice. Indeed, counsel's statement about additional charges was accurate: if Fultz had rejected the Plea Agreement, he would have been tried on four charges, instead of two. Without the agreement stipulation, he might also have been held accountable for a greater drug quantity, resulting in a more severe sentence on the drug offenses.

Fultz also fails to show any probability that a reasonable defendant in his shoes would have rejected the benefits of the Plea Agreement for the risks of going to trial, likely being convicted of all four charges, and possibly receiving more prison time. As he offers no specific fact or witness he could have offered at trial to contradict the testimony of the government's witnesses that he had carried a gun to protect himself and his assets during his drug-trafficking activities, he shows no likelihood of being acquitted

IV

In conclusion, it is clear from the record that Fultz's § 2255 claims of ineffective assistance of counsel are without merit. Accordingly, I will grant the Motion to Dismiss his § 2255 motion on this ground.

A separate Final Order will be entered herewith.

DATED: January 14, 2014

/s/ James P. Jones
United States District Judge

---

on that charge. Thus, I find that Fultz fails to establish that counsel provided ineffective assistance as alleged with regard to his guilty plea.